As to parts I. and III. of the majority opinion, I concur in the result. As to part II., reversing the second degree murder conviction, I respectfully dissent.
 The majority laments that second degree felony murder and the merger doctrine, as a result of several California Supreme Court decisions, present a *Page 194 "muddled state of the law." (Maj. opn., ante, at p. 191.) With that proposition, I agree. However, unlike the majority, I cannot so easily discredit the Supreme Court's 1994 holding that a violation of Penal Code section 246[1] does not merge with a resulting homicide. (People v.Hansen (1994) 9 Cal.4th 300, 311-316 [36 Cal.Rptr.2d 609, 885 P.2d 1022] (Hansen).)
 In Hansen, the defendant shot at an inhabited building, a violation of section 246, and in doing so caused the death of a child inside the house. Since (1) the purpose of the merger doctrine is to avoid subverting legislative intent, which would be subverted if all felonious assaults were elevated to murder, and (2) "[m]ost homicides do not result from violations of section 246" (Hansen, supra, 9 Cal.4th at p. 315), the purpose of the merger doctrine is not served by applying it to violations of section 246. "Indeed, . . . application of the felony-murder rule, when a violation of section 246 results in the death of a person, clearly is consistent with the traditionally recognized purpose of the second degree felony-murder doctrine — namely the deterrence of negligent or accidental killings that occur in the course of the commission of dangerous felonies." (Hansen, supra, 9 Cal.4th at p. 315.) The Hansen
court rejected the notion that it was necessary to find that the defendant committed the violation of section 246 with a collateral and independent design "as the critical test determinative of merger in all cases . . .," thus disapproving, at least for some circumstances, its own adoption of the collateral purpose rationale in an earlier case. (Hansen, supra, at p. 315.)
 We relied on this moment of clarity from the Supreme Court in decidingPeople v. Tabios (1998) 67 Cal.App.4th 1 [78 Cal.Rptr.2d 753] (Tabios). In Tabios, the defendant violated section 246 by shooting at an occupied vehicle. His shot hit and killed one of the occupants. Responding to the argument that a violation of section 246 merges with the resulting homicide, we cited and quoted Hansen and found no merger, based onHansen's rationale that applying the second degree felony-murder rule to a homicide resulting from a violation of section 246 does not subvert the Legislature's intent concerning gradations of homicide by elevating all felonious assaults to murder. (Tabios, supra, 67 Cal.App.4th at p. 11.)
 In 2004 and again in 2005, the Supreme Court revisited the merger doctrine. (People v. Robertson (2004) 34 Cal.4th 156 [17 Cal.Rptr.3d 604,95 P.3d 872] (Robertson); People v. Randle (2005) 35 Cal.4th 987 [28 Cal.Rptr.3d 725, 111 P.3d 987] (Randle).) Both of those cases involved a violation of section 246.3, discharge of a firearm in a grossly negligent manner. In those cases, the court applied its collateral purpose rationale and held that, if a violation of section 246.3 results in a homicide, the violation of section 246.3 merges with murder unless the defendant had a collateral and independent *Page 195 felonious design. (Robertson, supra, at p. 171; Randle, supra, at p. 1005.) In Robertson, merger did not apply because the court found that the defendant had the collateral purpose of frightening away the person he shot (Robertson, supra, at p. 171), while in Randle the court found no collateral purpose in the defendant's shooting at the victim (Randle,supra, at p. 1005).
 The problem with seeking doctrinal purity in the application of the merger doctrine is that the Supreme Court has now set forth seemingly conflicting tests. Is the test whether application of the felony-murder rule would subvert legislative intent by elevating all assaults to murder? Or is it whether the defendant acted with a collateral and independent felonious design?
 Extending Robertson and Randle beyond section 246.3 to all "assaultive-type crime," the majority concludes that the merger rule is applicable unless "the crime was committed with a purpose independent of and collateral to causing injury." (Maj. opn., ante, at p. 191; see alsoPeople v. Bejarano (2007) 149 Cal.App.4th 975 [57 Cal.Rptr.3d 486].) Without saying so, therefore, the majority concludes that Hansen has been overruled. By what, I wonder. Nowhere in Hansen did the court state that its holding was based on the fact that the defendant did not know there were children in the house he shot up. To the contrary, the court based its holding solely on the fact that applying the second degree felony-murder rule to a violation of section 246 does not subvert legislative intent. To me, the only rule that can be gleaned fromRobertson and Randle is that the collateral purpose rationale applies to cases involving a violation of section 246.3, which this case does not.
 The Supreme Court still cites Hansen as viable authority. In Robertson, the court stated: "Although the collateral purpose rationale may have its drawbacks in some situations (Hansen, supra, 9 Cal.4th at p. 315), we believe it provides the most appropriate framework to determine whether,under the facts of the present case, the trial court properly instructed the jury." (Robertson, supra, 34 Cal.4th at p. 171, italics added.) There are two problems with this sentence. First, Hansen is not authority for the statement that "the collateral purpose rationale may have its drawbacks in some situations." Hansen rejected the collateral purpose rationale as being applicable to "all cases" and found it was not applicable to a violation of section 246. (Hansen, supra,9 Cal.4th at p. 315.) And second, the court, in the sentence quoted fromRobertson, states that it believes the collateral purpose rationale is the most appropriate framework for determining the applicability of merger under the facts of that case. It does not reveal to us why the collateral purpose rationale is applicable to the Robertson facts but not to the Hansen facts. *Page 196 
 So are we to apply the merger doctrine whenever there is assaultive conduct, as the majority would do, if there is no collateral and independent felonious design? No. As the Supreme Court stated, the collateral purpose rationale has its drawbacks. What those drawbacks are, we are not told, but it is clear that the court has not extended that rationale to violations of section 246. Therefore, I disagree with the majority's analysis and would hold, instead, that merger is inappropriate when the underlying offense is a violation of section 246.
[1] Further code citations, though unspecified, are to the Penal Code. *Page 197